# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| ADRIAN PULIDO, INDIVIDUALLY; and MARICELA PULIDO, BOTH IN HER INDIVIDUAL CAPACITY AND AS NEXT FRIEND TO Y.P., A.P., JR. AND C.P., MINORS, | § § § § § § § § § | CIVIL ACTION NO. 2-08CV-245 |
| Plaintiffs, | | |
| v. | | |
| GENERAL MOTORS CORPORATION, | | |
| Defendant. | | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant General Motors Corporation's ("GM") Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a) (D.I. # 20). After carefully considering the facts presented, the arguments of both parties and the applicable law, the court DENIES the motion for the reasons expressed below.

**I.   Background**

The plaintiffs brought this products liability suit against Defendant GM, based on an automobile accident which occurred in Tyler, Smith County, Texas, on November 21, 2007. Smith County is in the Eastern District of Texas. 28 U.S.C. § 124(c)(3). Plaintiff was properly wearing his 3-point seat belt, but despite being properly restrained, he was seriously injured.

The plaintiff alleges the GM vehicle's design defects, manufacturing, testing, marketing and distribution led to his injuries. Plaintiffs are residents of Tyler, Smith County, Texas. Defendant GM is a foreign corporation doing business in Texas.

**II.     Discussion**

"For the convenience of parties, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The district court has "broad discretion in deciding whether to order a transfer." *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir.1998) (quoting *Caldwell v. Palmetto State Sav. Bank*, 811 F.2d 916, 919 (5th Cir.1987)).

The Fifth Circuit has recently enunciated the standard that district courts in this circuit should apply in deciding motions to transfer venue. *In re Volkswagen of America, Inc.*, 545 F.3d 304 (5th Cir. 2008) (en banc). The Court ruled that "§ 1404(a) venue transfers may be granted upon a lesser showing of inconvenience than *forum non conveniens* dismissals," and that "the burden that a moving party must meet to justify a venue transfer is less demanding than that a moving party must meet to warrant a *forum non conveniens* dismissal." *Id*. at 314 (citing *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955)). The Court held that moving party bears the burden of showing "good cause," which the Court explained is satisfied "when the movant demonstrates that the transferee venue is clearly more convenient." *Id*.

The Court noted however that the relevant factors to be considered in ruling on a 1404(a) motion are the same as those in the *forum non conveniens* context. *Id*. at 314, n. 9 (citing *Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.,* 321 F.2d 53, 56 (5th Cir. 1963)). These

2

include both private and public interest factors. *Id.* The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Id.* (citing *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004)). The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law." *In re Volkswagen*, 545 F.3d at 315. These factors are not necessarily exhaustive or exclusive, and none can be said to be of dispositive weight. *Id.* (citing *Action Indus., Inc. v. U.S. Fid. & Guar. Corp.*, 358 F.3d 337, 340 (5th Cir. 2004)).

1. **Plaintiff's Choice of Forum**

In *Volkswagen*, the Fifth Circuit also opined on the weight to be given to the plaintiff's choice of forum. *In re Volkswagen*, 545 F.3d at 315. The Court held that the movant's "good cause" burden reflects the appropriate deference to this factor. *Id.* In this case, Plaintiffs are residents of the Eastern District of Texas and they chose to bring its suit in the Marshall Division of the Eastern District of Texas. When no special, restrictive venue statute applies, the general venue statute, 28 U.S.C. § 1391, controls a plaintiff's choice of venue. *Id.* at 312. Here, the issue is not whether the Court needs to give deference to plaintiffs' choice of the district in which they filed the case. Both parties agree that the Eastern District of Texas is the proper venue for this case. *See* 28 U.S.C. § 1391. GM however argues that plaintiffs' choice of the division within this proper district is also not entitled any heightened deference. The Court does

not read the en banc Fifth Circuit opinion to require this result. *See In re Volkswagen of America*, 545 F.3d at 314, n. 10 (citing *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422 (2007)) (reasoning that "the Supreme Court has indicated that a plaintiff's choice of forum corresponds to the burden that a moving party must meet," and this burden depends on the type of transfer sought).

First, the venue statute 28 U.S.C. § 1391(a) no longer contains a divisional filing requirement. 28 U.S.C. § 1393, which required suit to be brought in a particular division within a district, was repealed November 19, 1988. *See Bishop v. C & P Trucking Co., Inc.*, 840 F. Supp. 118, 119 (N.D. Ala. 1993) ("When 28 U.S.C. § 1393 was repealed effective February 17, 1989 by Public Law 100-702, the concept of divisional venue disappeared."); *see also* DAVID D. SIEGEL, CHANGES TO FEDERAL JURISDICTION AND PRACTICE UNDER THE NEW FEDERAL JUDICIAL IMPROVEMENT AND ACCESS TO JUSTICE ACT, 123 F.R.D. 399, 405-408 (1989) (commenting that the statute had played little role even in states that had districts broken down into divisions)). The Court also notes that the Federal Rules allow significant discretion to district courts in deciding the place of trial, so long as it within the same district, even without the consent of the parties. *See* Fed. R. Civ. P. 77(b) ("[N]o hearing, other than one ex parte, shall be conducted outside the district without the consent of all parties affected thereby."); *Crumrine v. NEG Micon USA, Inc.*, 104 F. Supp. 2d 1123, 1126 (N.D. Iowa 2000) ("Court could be held at any courthouse within the district even without the consent of the parties"). Therefore, as courts in this district have held before, both the venue statute as well as the Federal Rules logically suggest that district courts should view Section 1404(a) motions for intra-district change of

venue with more caution.[1] *Rios v. Scott*, No. 1:02-CV-136, 2002 WL 32075775, at *4 (E.D. Tex. July 13, 2002).

2. **Private Factors**

   a. <u>Convenience of the Parties and Witnesses and Cost of Attendance for Witnesses</u>

The court will first assess the convenience of the parties involved. The plaintiffs reside in Tyler, Smith County, Texas. Plaintiffs filed suit in the Marshall Division. They represent to the Court that they accepted any potential inconvenience when they elected to bring suit in this forum. Therefore, the Court will consider this division more convenient to the plaintiff than the Tyler Division. GM is a foreign corporation and is not in close proximity to either this division or the Tyler Division. The Court finds that both this division and the desired transferee division would be just as convenient or inconvenient to GM. Presently, there are no third party defendants of record in this case, and therefore, the Court does not consider the convenience of any possible third parties at this time. *See In re Volkswagen,* 371 F.3d at 204-05 (holding that if defendants have joined other responsible third-party defendants and brought third-party claims against them, the Court is "obligated to recognize the changed nature of the lawsuit," and these others "become 'parties' whose convenience should be assessed on [a] motion to transfer").

---

[1] The Section 1404(a) analysis remains the same regardless of whether the party moves for an inter-district or intra-district transfer. *See Mohamed v. Mazda Corp.*, 90 F. Supp. 2d 757, 768 (E.D. Tex. 2000). The Court does not suggest that any of the factors to be considered in deciding on an intra-district motion are different under Section 1404(a). Instead, the Court here determines its discretion as well the appropriate deference to be given to the plaintiffs' choice as part of movant's "good cause" burden mandated by the Fifth Circuit. *In re Volkswagen of America*, 545 F.3d at 315.

Accordingly, the convenience of the parties weighs slightly against a transfer. However, the convenience of the parties and their witnesses is accorded less weight in a transfer analysis than the convenience of non-party witnesses. *Shoemake v. Union Pacific R.R. Co.*, 233 F. Supp. 2d 828, 832 (E.D. Tex. 2002).

The Fifth Circuit has established a threshold of 100 miles when giving substantial weight to this factor. *See In re Volkswagen,* 371 F.3d at 204-05. ("When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be travelled."). The Court reasoned that "[a]dditional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment." *Id*. Tyler is not more than 100 miles from Marshall.

GM contends that the eyewitnesses to the accident, investigating officers, and emergency medical personnel who responded to the accident are key witnesses on causation and liability. Specifically, GM lists a tow truck driver, the driver of the other vehicle, and emergency responders as potential witnesses. Further, GM has provided affidavits from three of these witnesses, indicating that it would be inconvenient for them to attend trial in the Marshall Division.

Plaintiffs argue that none of these witnesses is relevant or necessary to the central issue in this case, namely the alleged defect in the occupant restraint system employed in the GM vehicle. The Court cannot limit the convenience analysis simply to those witnesses who will testify about the accident. *Cf. In re Volkswagen,* 371 F.3d at 204-05 ("There is clearly nothing

6

in § 1404(a) which limits the application of the terms 'parties' and 'witnesses' to those involved in an original complaint."). While the Court does not agree with the plaintiff that all of the anticipated testimony from the witnesses the defendant names will go to what the plaintiff must prove at trial, the testimony appears to be greatly overlapping. All of these witnesses will testify about the details of the accident and facts surrounding the condition of Mr. Pulido after the accident. While this is an important aspect of the case, it is not the only contested issue at trial. Where the only issue in dispute is the negligence of the parties, this Court has held that investigators, accident-scene witnesses, and emergency responders are key witnesses in the case, and has transferred cases based on the convenience of these key witnesses. *See, e.g., Hobson v. Perez*, No. 2:07-CV-284, D.I. # 16 (E.D. Tex. Oct. 23, 2007) (granting a motion to transfer to the Sherman Division, a negligence case involving parties to a motor vehicle accident that occurred in Grayson County in Sherman Division). This however is a products liability case. The accident that occurred in the Tyler Division may have triggered the events that revealed a possibly defective product, but the main issue concerns the design and manufacture of the GM vehicle. There has been no representation to the Court that witnesses who will testify to this aspect of the case live in the Tyler Division or would inconvenienced by attending at trail in the Marshall Division.

While there is no doubt that witnesses from Tyler Division would be inconvenienced by having to attend trial in Marshall, the Court finds that there are just as many, if not more, possible witnesses who will have to travel to East Texas from outside of this district to testify during trial in this case. Therefore, the convenience of non-party witnesses and the costs of

attendance for willing witness are neutral to the transfer of this case. Overall, this factor does not weigh in favor of a transfer of this case to the Tyler Division.

      b.      <u>The Relative Ease of Access to Sources of Proof</u>

Despite the fact that access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments, this alone does not render this factor superfluous and cannot be read out of the § 1404(a) analysis. *In re Volkswagen*, 545 F.3d at 316. GM contends that all of the evidence relating to the accident is located in the Tyler Division. GM fails to address that the documents concerning the design and testing of the GM vehicle are located outside of Texas. The Court finds that GM has not shown that there will be any significant inconvenience to it if it had to transport documents or other evidence to Marshall, Texas as compared to the Tyler Division. Indeed, a majority of the documents and other sources of proof are likely located at their headquarters rather than in the Tyler Division. This and other sources of proof relevant to the product design can just as easily be transported to the Marshall Division as to the Tyler Division. This factor is neutral as to transfer of this case.

      c.      <u>The Availability of Compulsory Process to Secure the Attendance of Witnesses</u>

Federal Rule of Civil Procedure 45(b)(2) governs the places where a subpoena issued by a court of the United States may be served. However, a court's subpoena power is subject to Rule 45(c)(3)(A)(ii), which protects nonparty witnesses who work or reside more than 100 miles from the courthouse. *See In re Volkswagen*, 545 F.3d at 316.

As discussed above, it is likely that there will be several witnesses in this cases that are located outside of Texas. GM has not shown that there is a proper venue that enjoys "absolute subpoena power for both depositions and trial" over all of the witnesses in this case. *Id.* If this

8

Court cannot compel a witness's attendance at trial, neither party is prevented from using the witness's videotaped deposition at trial. *Symbol Tech., Inc. v. Metronomic Instruments, Inc.*, 450 F.Supp.2d 676, 679 (E.D. Tex. 2006). Accordingly, this factor is neutral as to transfer.

**3.    Public Interest Factors**

   a.    <u>The Administrative Difficulties Flowing from Court Congestion</u>

Neither the plaintiffs nor the defendant address this factor in detail. The court is unaware of any administrative difficulties that would arise from transferring or retaining this case. Therefore, the court finds this factor is neutral as to transfer.

   b.    <u>The Local Interest in Having Localized Interests Decided at Home</u>

Transfer is appropriate where none of the operative facts occurred in the division and where the division had no particular local interest in the outcome of the case. *See In re Volkswagen*, 545 F.3d at 318. In this case, unlike *Volkswagen*, the vehicle was purchased in this district. This does give the residents of this district an interest in the outcome of the case. Additionally, in products liability cases arising out of an automobile accident, courts may look to where the accident occurred, where the witnesses live, where the evidence is located, and where the parties live. *Id*. As discussed earlier, the accident occurred in the Tyler Division. The plaintiffs live in the Tyler Division. The police officer and tow truck driver that responded to the accident live in the Tyler Division. Some witnesses live in the Tyler Division, while some live outside of this district. There is substantial amount of evidence related to the design of the alleged seat and the vehicle that is located with the defendant.

Given these facts, the Court finds that both the Marshall Division and the Tyler Division have a local interest in this case. The court, therefore, concludes that this factor is neutral as to transfer.

c. <u>The familiarity of the forum with the law that will govern the case</u>

Both the Tyler Division and this division are familiar with the Texas law that could govern this case. Therefore, the court finds this factor is neutral as to transfer.

d. <u>The avoidance of unnecessary problems of conflict of laws</u>

The court finds that this factor is inapplicable in this transfer analysis.

### III. Conclusion

The Court finds, based on the consideration of both private and public interest factors in this case, that this division is just as convenient to the parties and the witnesses as the Tyler Division. The Court rules that because GM has failed to show that the transferee venue is clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice of the Marshall Division should be respected. *In re Volkswagen*, 545 F.3d at 315. Moreover, given the fact that both these divisions are located within the same district, the Court finds that GM has not shown good cause that would mandate an intra-district transfer. The Court therefore DENIES GM's motion to transfer venue.

It is so ORDERED.

SIGNED this 11th day of December, 2008.

                                           _____
                                           T. JOHN WARD
                                           UNITED STATES DISTRICT JUDGE